UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
|     THE C.P. HALL COMPANY, | ) | No. 11 B 26443 |
| | ) | |
|                            Debtor. | ) | |
| | ) | |
| JAMES SHIPLEY, | ) | |
| | ) | |
|                    Plaintiff, | ) | |
| | ) | |
|                 v. | ) | No. 13 A 1070 |
| | ) | |
| JOSEPH ABRAMS, *et al.*, | ) | |
| | ) | |
|                  Defendants. | ) | |
| | ) | |
| JAMES SHIPLEY, | ) | |
| | ) | |
|                Plaintiff, | ) | |
| | ) | |
|               v. | ) | No. 13 A 1156 |
| | ) | |
| BYRON T. ADAMS, *et al.*, | ) | |
| | ) | |
|                Defendants. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling in separate adversary proceedings are motions under Rule 12(b)(5) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(5) (made applicable by Fed. R. Bankr. P. 7012(b)), to dismiss the plaintiff's amended complaints for insufficient service of process. In each adversary proceeding, the complaint and summons were served on an attorney who represented the defendants in state court personal injury actions but whose only

involvement in the bankruptcy case was signing the defendants' proof of claim. As the defendants argue, these attorneys are not "agents of such defendant[s] authorized by appointment . . . to receive service of process" under Bankruptcy Rule 7004(b)(8), Fed. R. Bankr. P. 7004(b)(8). The motions will therefore be granted and the summonses quashed. Shipley will be given another chance to accomplish service.

### 1. Jurisdiction

The court has subject matter over this case pursuant to 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). These are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (K).

### 2. Background

Although the parties could have offered evidence in support of their positions, 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 at 343-45 (3d ed. 2004), they have not. So the facts are drawn from the adversary complaints, the parties' papers, the court's docket, and the court's claims register. No facts are in dispute.

The C.P. Hall Company is a defunct distributor of raw asbestos products. In 2011, C.P. Hall filed a chapter 11 bankruptcy case that was later converted to a case under chapter 7, and Joseph Baldi was appointed interim trustee. Like other asbestos companies, C.P. Hall has been the subject of many personal injury actions from people claiming harm from its products. Most if not all of these people hold judgments against C.P. Hall and are creditors in the bankruptcy case. Like other asbestos companies, C.P. Hall also had insurance policies that may provide coverage for the claims. Except for a bank account with a trivial balance, the policies and their

proceeds are C.P. Hall's only assets.

Since before the bankruptcy case was filed, various personal injury creditors have been fighting over the relative priority of their rights to C.P. Hall's assets. On one side is James Shipley, as representative of his late wife Janet's estate. Shipley has filed a proof of claim in the bankruptcy case for $3,362,465. On the other side are two groups of creditors, one represented in underlying personal injury actions by the Chicago law firm Cooney & Conway (the "Cooney & Conway creditors"), another represented in personal injury actions by the O'Brien Law Firm in St. Louis (the "O'Brien creditors"). Although personal injury creditors typically hold unsecured claims, both Shipley and the Cooney & Conway and O'Brien creditors insist their claims are secured at least in part.

The Cooney & Conway creditors filed a single proof of claim in the bankruptcy case asserting claims totaling $121,610,107. Attorney John Cooney signed the second page of the form as attorney for these creditors and included his law firm's address and telephone number. In part 8 on page two, Cooney checked the box stating: "I am the creditor's authorized agent." But instead of Cooney, the first page of the proof of claim listed attorney Joseph D. Frank of FrankGecker LLP in Chicago as the "[n]ame and address where notices should be sent."

The O'Brien creditors filed a single proof of claim asserting claims totaling $30,900,000. The proof of claim was the same as the Cooney & Conway proof of claim in relevant respects. Attorney Andrew O'Brien signed the second page of the form as attorney for these creditors and included his law firm's address and telephone number. In part 8 on page two, O'Brien checked the same box Cooney had checked stating: "I am the creditor's authorized agent." Instead of O'Brien, the proof of claim's first page listed Frank and his firm as the "[n]ame and address

where notices should be sent," as the Cooney & Conway proof of claim had done.

Apart from filing the proofs of claim, Cooney and O'Brien themselves have not participated in the C.P. Hall bankruptcy case. They have filed no papers (including any sort of appearance form or request for notice), and to the court's recollection they have not appeared at any hearings. Frank and another FrankGecker attorney, Reed Heiligman, filed appearances for the Cooney & Conway and O'Brien creditors and have represented these creditors actively in the bankruptcy.

In August 2013, Shipley filed an adversary complaint against the Cooney & Conway creditors. In the complaint, Shipley sought a determination that he had a lien on certain insurance proceeds, that any lien the creditors had was invalid, and that to the extent both he and the creditors had liens, his was superior to theirs. Shipley also objected to the creditors' claims. The next month, Shipley filed another adversary complaint, this one against the O'Brien creditors. The O'Brien complaint differed somewhat from the Cooney & Conway complaint. In the O'Brien complaint, Shipley sought a determination only that any lien the creditors claimed to have on certain insurance proceeds was invalid. He also objected to the creditors' claims.

In his complaints, Shipley named the defendants in the caption collectively as "Cooney & Conway Creditors" and "O'Brien Creditors." To go with each complaint, Shipley also had a single summons issued, one directed to "Cooney & Conway Creditors," the other to "O'Brien Creditors." In the Cooney & Conway adversary proceeding, Shipley served two copies of the summons and complaint, mailing one set Cooney at his firm and another set to Frank at FrankGecker. In the O'Brien adversary proceeding, Shipley served copies of the summons and complaint, mailing one set to the O'Brien Law Firm (but not to O'Brien himself) and another to

Frank at FrankGecker. The individual creditors were not served.

The Cooney & Conway and O'Brien creditors moved to dismiss the two adversary proceedings under Rules 12(b)(4) and (5). Because the complaints' captions were insufficient, (since no individual creditors were named as defendants) and the summonses were insufficient (since no separate summons was issued to each individual creditor intended as a defendant), the Rule 12(b)(4) motions were granted and the summonses quashed. *Shipley v. Cooney & Conway Creditors (In re The C.P. Hall Co.)*, 506 B.R. 751, 754-57 (Bankr. N.D. Ill. 2014). The question of the sufficiency of service did not have to be reached. *Id.* at 757. Shipley was given leave to amend his complaints to correct the captions and to have new summonses issued.

Shipley filed amended complaints with captions listing each of the Cooney & Conway and O'Brien creditors as defendants. He also had alias summonses issued, one for each defendant. Shipley then served the amended complaints and alias summonses by mailing them, not to the individual defendants, but to O'Brien (in the O'Brien adversary proceeding) and to Cooney (in the Cooney & Conway adversary proceeding) at the addresses of their law firms.[1]

The defendant creditors have now moved to dismiss the complaints under Rule 12(b)(5) on the ground that service of process was insufficient. Shipley opposes the motions.

### 3. Discussion

Service was insufficient. Although personal jurisdiction over an individual can be achieved through service on an agent authorized by appointment to receive service, neither

---

[1]  Although Frank was served with process the first time around, this time he was not. For reasons Shipley does not explain, Frank was mailed only the amended complaints, not the summonses. Whatever the reason, this was apparently no oversight: Shipley maintains that he achieved service by serving O'Brien and Cooney.

O'Brien nor Cooney was authorized, explicitly or implicitly, to receive service for the creditors. The creditors' motions will therefore be granted, but the summonses will be quashed rather than the complaints dismissed.

Rule 7004 of the Federal Rules of Bankruptcy Procedure governs service of process in bankruptcy matters. The methods of service available to plaintiffs in adversary proceedings are greater than the methods available to plaintiffs in civil actions under Rule 4(e) of the Federal Rules of Civil Procedure. *In re Muralo Co.*, 295 B.R. 512, 520 (Bankr. D.N.J. 2003); *Burke v. Greaves (In re Greaves)*, 121 B.R. 234, 236 (N.D. Ill. 1990). Adversary plaintiffs can accomplish service not only through the methods prescribed in Rules 4(e)-(j) (which Rule 7004 incorporates, *see* Fed. R. Bankr. P. 7004(b)(1)), but also through service "by first class mail postage prepaid" within the United States. Fed. R. Bankr. P. 7004(b).

When the defendant in an adversary proceeding is an individual (other than an infant or incompetent), the usual method of service is service by mail sent to the individual's residence or place of business. *See* Fed. R. Bankr. P. 7004(b)(1). But that is not the only option. Under Rule 7004(b)(8), service on an individual (or on "any defendant") will be sufficient if the summons and complaint are mailed to "an agent of such defendant authorized by appointment or by law to receive service of process" at the agent's residence or place of business. Fed. R. Bankr. P. 7004(b)(8).[2]

---

[2] Rule 7004(b)(8) is not the only rule that permits service on an "agent . . . authorized by appointment or by law to receive service of process." So does Rule 7004(b)(3) concerning service on business entities. Fed. R. Bankr. P. 7004(b)(3). And so do the civil rules for service on individuals, *see* Fed. R. Civ. P. 4(e)(2)(C), and service on business entities, *see* Fed. R. Civ. P. 4(h)(1)(B). The difference between the civil rules and the bankruptcy rules is that the bankruptcy rules permit service on the agent by mail whereas the civil rules require the agent to be served by "delivering" the summons and complaint to him. Fed. R. Civ. P. 4(e)(2)(C), (h)(1)(B).

A party's attorney is not an agent for purposes of service merely because of his status as attorney. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). An attorney may, however, be "an agent authorized by appointment" to receive service, *In re Villar*, 317 B.R. 88, 93 (B.A.P. 9th Cir. 2004); *United States v. Bosurgi*, 343 F. Supp. 815, 817-18 (S.D.N.Y. 1972), and the attorney's authority to receive service may be either express or implied, *In re Kalikow*, 602 F.3d 82, 92-93 (2d Cir. 2010); *Blair v. City of Worcester*, 522 F.3d 105, 113 (1st Cir. 2008); *In re Focus Media Inc.*, 387 F.3d 1077, 1082 (9th Cir. 2004) (calling the concept "neither novel nor inconsistent with general principles of agency law"); *Ziegler*, 111 F.3d at 881; *Luedke v. Delta Air Lines, Inc.*, 159 B.R. 385, 394-95 (S.D.N.Y. 1993); *Beloit Liquidating Trust v. Beloit Walmsley Ltd. (In re Harnischfeger Indus. Inc.)*, 288 B.R. 79, 82-83 (Bankr. D. Del. 2003); *Muralo*, 295 B.R. at 518; *Ms. Interpret v. Rawe Druck-Und-Veredlungs-GMBH (In re Ms. Interpret)*, 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998); 4A Charles Alan Wright & Arthur R. Miller, *supra*, § 1097 at 537 (noting that "authority to accept process need not be explicit").

O'Brien and Cooney had no express authorization to receive service of process in the C.P. Hall bankruptcy case, and Shipley does not claim they did. According to the Cooney & Conway and O'Brien creditors, that ends the discussion. Despite the many decisions holding otherwise, these creditors maintain that an agent's authorization must be express and cannot be implied. Because O'Brien and Cooney had no express authorization to accept service, the creditors insist, service on them was invalid. In support, they point to *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971), a decision they call "controlling." (Abrams Dkt. No. 39 at 3; Adams Dkt. No. 39 at 3).

Binding yes, but not controlling. In *Schultz*, the plaintiff served the defendant by serving

the attorney who had represented her in a state court action. When the defendant moved to dismiss for insufficient service and lack of personal jurisdiction, the district court granted the motion. *Schultz*, 436 F.2d at 636-37. On appeal, the court noted that no one claimed the attorney had "actual authority" to receive service; the plaintiff was arguing only that the attorney had "authority by implication." *Id.* at 637. The court responded: "Indulging in the dubious assumption that such authority may be implied in some situations, we think there is no reasonable basis to do so in the instant case." *Id.* Without deciding whether authority could ever be implied, in other words, the court assumed for the sake of argument that it could and found no implied authority. The description of implied authority as "dubious," then, was a dictum. *See Focus Media*, 387 F.3d at 1082 (citing *Ziegler* as the "only . . . circuit court case" to address the implied authority issue "head-on"). Whether the court would agree today with this nearly half-century old dictum, when four courts of appeals and countless trial courts have since endorsed implied authority, is itself dubious.[3]

The Cooney & Conway and O'Brien creditors also distinguish some of the decisions finding attorneys had implied authority to accept service. The decisions are not on point, the creditors say, because they involved corporate defendants, *see, e.g., In re Quigley Co.*, 437 B.R. 102 (Bankr. S.D.N.Y. 2010), or because they concerned the service of motions in bankruptcy cases rather than the service of a summons and complaint, *see, e.g., Ms. Interpret*, 222 B.R. 409.

Neither distinction is material. As discussed earlier, *see* discussion, *supra*, at 6 n.2, the

---

[3]   District court and bankruptcy decisions in this circuit have nonetheless tended to treat the *Schultz* dictum as the court's holding. *See, e.g., Chico v. Miller*, No. 05 C 3101, 2005 WL 2664586, at *4 (N.D. Ill. Oct. 19, 2005); *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 507-08 (N.D. Ill. 1995). *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 147 (N.D. Ind. 1985); *In re Rae*, 286 B.R. 675, 677 (Bankr. N.D. Ind. 2002). These decisions are incorrect, and unlike *Schultz* itself, they are not binding.

same phrase – "agent authorized by appointment or by law to receive service of process" – appears in Rule 7004(b)(8) concerning service on "any defendant" and in Rule 7004(b)(3) concerning service on business entities. *See Price v. America's Servicing Co. (In re Price)*, 377 B.R. 224, 228 (Bankr. E.D. Ark. 2007) (noting the identical language). It also appears in the civil rules concerning service on individuals and business entities. *See* Fed. R. Civ. P. 4(e)(2)(C), (h)(1)(B). Similar language in similar statutes is presumed to have the same meaning, *UMG Recordings, Inc. v. Shelter Capital Partners*, 718 F.3d 1006, 1016 (9th Cir. 2013), and this presumption applies equally to federal procedural rules, *Yousuf v. Samantar*, 415 F.3d 248, 256 (D.C. Cir. 2006). If there is some reason why it should not hold true here, the Cooney & Conway and O'Brien creditors have not suggested it.

As for the service of motions, Rule 9014(b) says that a motion in a contested matter (and all motions in bankruptcy cases initiate contested matters) must be served "in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b). Service of a motion on an individual must therefore be accomplished in the same way as service of the summons and complaint in an adversary proceeding: under Rules 7004(b)(1), (7), or (8). *Kalikow*, 602 F.3d at 92 ("In a contested matter . . . the notice of hearing is treated as a summons and the motion is treated as a complaint." (internal quotation omitted)); *In re Century Elecs. Mfg., Inc.*, 284 B.R. 11, 17 (Bankr. D. Mass. 2002); *Ms. Interpret*, 222 B.R. at 414. Decisions about the implied authority of an attorney to receive service of a motion are no less persuasive because a motion rather than an adversary complaint was involved.

But although the Cooney & Conway and O'Brien creditors are wrong in contending that the authority of an attorney to receive service cannot be implied, they are right in arguing that

Cooney and O'Brien had no implied authority here. A party "cannot fabricate . . . implied authority from whole cloth . . . but must present facts and circumstances" establishing it. *Ziegler*, 111 F.3d at 881. In determining whether an attorney has implied authority to receive service, "all the circumstances" surrounding the attorney's relationship with the party to be served must be considered. *Focus Media*, 387 F.3d at 1093; *Ms. Interpret*, 222 B.R. at 416; *see also* 4A Charles Allan Wright & Arthur R. Miller, *supra*, § 1097 at 537 (stating that federal courts "look to the circumstances of the agency relationship").

In bankruptcy, an attorney's authority to accept service in an adversary proceeding can be implied from the level of his participation in the underlying bankruptcy case. *Focus Media*, 387 F.3d at 1083. Courts have held repeatedly that an attorney who has actively represented a party in the bankruptcy case is implicitly authorized to receive service for that party in a related adversary proceeding. *See, e.g., id.* at 1084 ("extensively involved"); *Luedke*, 159 B.R. at 395 ("active role" (internal quotation omitted)); *Muralo*, 295 B.R. at 519 ("active and vigorous representation"); *Harnischfeger*, 288 B.R. at 83 ("active role," "active participation"); *Ms. Interpret*, 222 B.R. at 416 ("active in the debtor's bankruptcy"); *Reisman v. First New York Bank (In re Reisman)*, 139 B.R. 797, 801 (Bankr. S.D.N.Y. 1992) ("active role"). Merely filing an appearance in the bankruptcy case, on the other hand, is not enough. *Nisselson v. Roussopoulos (In re Roussopoulos)*, 198 B.R. 33, 39-40 (E.D.N.Y. 1996).

Here, the surrounding circumstances do not show that Cooney and O'Brien had implied authority to receive service in Shipley's adversaries proceedings. Far from taking an "active role," *Harnischfeger*, 288 B.R. at 83, or being "extensively involved," *Focus Media*, 387 F.3d at 1084, Cooney and O'Brien have hardly participated at all in the C.P. Hall bankruptcy. Each filed

a proof of claim for his respective clients; otherwise, neither has appeared or been involved in any way. Instead, Frank has served as attorney for the Cooney & Conway and O'Brien creditors in the bankruptcy case, representing them actively from the start.

True, Cooney and O'Brien each signed and filed proofs of claim as "authorized agent" for the creditors they represented in the state court. But checking the "authorized agent" box shows only that they were authorized to file the claims, not that they had authority take any other action. Courts finding authority to receive service based on proofs of claim have done so because the attorney was listed on the form's first page as the person to whom notices should be sent. *See, e.g., Ms. Interpret*, 222 B.R. at 414-15 (finding express authority); *Takeout, Inc. v. Favour Century Ltd. (In re Takeout, Inc.)*, Nos. 05-11931 (BRL), 07-1666 (BRL), 2009 WL 8671793, at *1-2 (Bankr. S.D.N.Y. Mar. 17, 2009) (finding both express and implied authority). Frank was listed on the proofs of claim as the party to receive notice, not Cooney or O'Brien.

Because Cooney and O'Brien had neither express nor implied authority to receive service for the adversary defendants for purposes of Rule 7004(b)(8), Shipley's service of process on Cooney and O'Brien was insufficient. Their motion to dismiss will be granted.

The amended complaints, however, will not be dismissed. As with a Rule 12(b)(4) motion, a court faced with a motion under Rule 12(b)(5) to dismiss for insufficient service of process has the option of "quashing the process without dismissing the action." 5B Charles Alan Wright & Arthur R. Miller, *supra*, §1354 at 346; *see Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011). Dismissal is warranted "only . . . where there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Cockerham*, 2011 WL 1515159, at *2. Since it remains reasonably conceivable that

Shipley will be able to serve the Cooney & Conway and O'Brien creditors in a way that complies with the rules, the summonses will be quashed. Shipley can try again – but must accomplish service in the next 60 days. *See* Fed. R. Civ. P. 4(m) (made applicable by Fed. R. Bankr. P. 7004).

### 4. Conclusion

For these reasons, the motions of the Cooney & Conway and O'Brien creditors under Rule 12(b)(5) are granted. The summonses served with the amended complaints in both adversary proceedings are quashed. New summonses may issue. Service of the amended complaints and the new summonses must be accomplished in the next 60 days. A separate order will be entered consistent with this opinion.

Dated: July 21, 2014

_____
A. Benjamin Goldgar
United States Bankruptcy Judge